# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

KENNETH DWIGHT JACOBS,

    Plaintiff,

v.

JUDGE KATHY S. PALMER; PIZZA P. O'CONNOR; STATE OF GEORGIA,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-87

## **ORDER and REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's failure to comply with the Court's Order of August 25, 2015. (Doc. 3.) For the following reasons, I **RECOMMEND** that Plaintiff's claims (doc. 1) be **DISMISSED without prejudice** for failure to prosecute. I further **RECOMMEND** that Plaintiff be denied leave to appeal in forma pauperis.

## **BACKGROUND**

Plaintiff, seeking to proceed in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983. By deficiency notice dated June 30, 2015, the Clerk of Court advised Plaintiff that his Complaint could not be processed without either a filing fee or a Motion to Proceed In Forma Pauperis. (Doc. 2.) The Clerk instructed him to pay the $400.00 filing fee or submit a properly completed Motion to Proceed In Forma Pauperis within 21 days or face possible dismissal of his Complaint. Id. Plaintiff failed to comply with that directive. Accordingly, the Court issued an Oder on August 25, 2015, giving Plaintiff fourteen days to remedy his noncompliance. (Doc. 3.) The Court once again forewarned Plaintiff that it would dismiss this action if he did not remedy

the deficiency in his filing fee. Plaintiff has not responded to that Order. Indeed, Plaintiff has not made any filings in this case since his initial Complaint.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to pay the filing fee and failure to comply with this Court's directives. For the reasons set forth below, I recommend that Plaintiff's claims be dismissed and that he be denied leave to appeal in forma pauperis.

### I. Dismissal for Failure to Prosecute and Follow this Court's Orders

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash Railroad Company, 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Petitioner that his failure to pay the filing fee or move to proceed in forma pauperis could result in dismissal of this action. (Docs. 2, 3.)

2

ensure prompt disposition of lawsuits." Brown v. Tallahasse Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). With Plaintiff having neither paid the filing fee nor moved to proceed in forma pauperis, the Court cannot proceed in

this case. See 28 U.S.C. §§ 1914, 1915. Moreover, Plaintiff was given ample notice of the consequences of his failure to follow the Court's directives, and Plaintiff has not made any effort to do so. Indeed, Plaintiff has not taken any steps to prosecute this action other than filing his Complaint..

Thus, Plaintiff's Section 1983 Complaint (doc. 1) should be **DISMISSED without prejudice** for failure to prosecute, and this case should be **CLOSED**.

## II. Leave to Appeal In Forma Pauperis

The Court should also deny Petitioner leave to appeal in forma pauperis. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken in forma pauperis if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an in forma pauperis action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's directives, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should be **DENIED**.

## CONCLUSION

For the above-stated reasons, it is my **RECOMMENDATION** that this action be **DISMISSED**, without prejudice, and that the Clerk of Court be directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further recommend that the Court deny Plaintiff leave to proceed in forma pauperis on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

**SO REPORTED** and **RECOMMENDED**, this 6th day of October, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA